# SUPREME COURT OF THE UNITED STATES

### JUAN RANGEL-REYES

05–10706                *v.*

### UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

### MARK LEE SHUMAN

05–10743                *v.*

### UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

### ANTONIO BANEGAS-HERNANDEZ

05–10815                *v.*

### UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Nos. 05–10706, 05–10743 and 05–10815.   Decided June 12, 2006

JUSTICE THOMAS, dissenting from the denial of
certiorari.

Under our Constitution, a person accused of a crime is
entitled to a "trial, by an impartial jury of the State and
district wherein the crime shall have been committed,"
Amdt. 6, pursuant to an indictment for that offense by a
grand jury, Amdt. 5. See also Art. III, §2, cl. 3 ("The Trial
of all Crimes . . . shall be by Jury"). Determining the
proper scope of these constitutional rights requires a
definition of the term "crime." As I have previously writ-
ten, "a 'crime' includes *every fact* that is by law a basis for
imposing or increasing punishment." *Apprendi* v. *New*

*Jersey*, 530 U. S. 466, 501 (2000) (concurring opinion) (emphasis added).

Notwithstanding the broad meaning of the term "crime," this Court has qualified the protections of the Fifth and Sixth Amendments by holding that, "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, at 490 (emphasis added). But the exception to trial by jury for establishing "the fact of a prior conviction" finds its basis not in the Constitution, but in a precedent of this Court. See *Almendarez-Torres* v. *United States*, 523 U. S. 224 (1998). Moreover, it has long been clear that a majority of this Court now rejects that exception. See *Shepard* v. *United States*, 544 U. S. 13, 27–28 (2005) (THOMAS, J., concurring in part and concurring in judgment); see also *Almendarez-Torres*, *supra*, at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); *Apprendi*, *supra*, at 520–521 (THOMAS, J., concurring).

In our previous cases, the parties have not asked this Court to overrule *Almendarez-Torres*. *Apprendi*, *supra*, at 489–490; *Shepard*, *supra*, at 28 (THOMAS, J., concurring in part and concurring in judgment). Last Term, I indicated that the Court should address the ongoing validity of the *Almendarez-Torres* exception in an appropriate case. *Shepard, supra,* at 28. Petitioners, like many other criminal defendants, have done their part by specifically presenting this Court with opportunities to reconsider *Almendarez-Torres*. It is time for this Court to do its part.

The Court's duty to resolve this matter is particularly compelling, because we are the *only* court authorized to do so. See *State Oil Co.* v. *Khan*, 522 U. S. 3, 20 (1997) ("[I]t is this Court's prerogative alone to overrule one of its precedents"). And until we do so, countless criminal defendants will be denied the full protection afforded by the

Fifth and Sixth Amendments, notwithstanding the agreement of a majority of the Court that this result is unconstitutional. There is no good reason to allow such a state of affairs to persist.

Accordingly, I dissent from the Court's denial of certiorari.